UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 18-50117 |
| Plaintiff, | |
| vs. | NOTICE AND BRIEF IN SUPPORT OF FEDERAL RULE OF EVIDENCE 413 RE: G.R.N. |
| HENRY CHASE ALONE, a/k/a, HENRY BLACK ELK, | |
| Defendant. | |

The United States of America, by and through Assistant United States Attorney Megan Poppen, submits the following brief in support of its Notice Pursuant to Rule Federal Rule of Evidence 413.

Federal Rule of Evidence 413(a) provides:

> In a criminal case in which the defendant is accused of sexual assault, the court may admit evidence that the defendant committed any other sexual assault. The evidence may be considered on any matter to which it is relevant.

Fed. R. Evid. 413(a). Evidence of prior bad acts is generally not admissible to prove a defendant's character or propensity to commit crime. Fed. R. Evid. 404(b). "However, Congress altered this rule in sex offense cases when it adopted Rules 413 and 414 of the Federal Rules of Evidence. Now, in sexual assault and child molestation cases, evidence that the defendant committed a prior similar offense 'may be considered for its bearing on any matter to which it is relevant,' including the defendant's propensity to commit such offenses." *United States v.*

1

*LeCompte*, 131 F.3d 767, 769 (8th Cir.1997). Fed. R. Evid. 413(a), 414(a). The evidence must be relevant and the probative value must substantially outweigh the factors listed in Rule 403, including the danger of unfair prejudice, in order to be admissible. *Id.*

In the Summer of 2016, the defendant, Henry Chase Alone, a/k/a Henry Black Elk, received custody of his biological minor daughter, the victim, G.R.N. The defendant received custody of G.R.N. from the Oglala Sioux Tribe Child Protection Services as a result of the victim's stepfather, Benton Rowland, sexually abusing the victim.[1]

In July 2018, the victim, 16-year-old G.R.N., gave birth to a child, X.R.N. South Dakota Child Protection Services (SDCPS) took custody of the X.R.N. and took a sample of X.R.N.'s DNA. Prior to X.R.N.'s birth, SDCPS already had custody of another living biological child of the defendant's, H.C.A., due to a finding of non-accidental head trauma to H.CA. A sample of H.C.A.'s DNA was compared to a sample of X.R.N.'s DNA. It was determined both children had the same father, the defendant. Thus, the defendant is both the father and grandfather of the X.R.N.

In late August 2018, G.R.N. was physically assaulted by her father, the defendant, in Manderson, SD. G.R.N. was subsequently forensically interviewed. In that interview, G.R.N. made disclosures of physical and sexual abuse, occurring in Pennington County and incest occurring on the reservation. In a later interview, G.R.N. also disclosed the defendant recording her having sex with

---

[1] Benton Rowland is charge in this district in file 16-CR-50138.

him, on occasion, as well as another minor, N.H, on occasion, all occurring in Rapid City, SD.

In November 2018, the computer owned and possessed by the defendant and his girlfriend, Rochelle Breckbill, was seized after Sheriff's Office Investigator Jesse Fagerland listened to a recorded jail call between the defendant and Breckbill discussing the urgency of retrieving his computer from pawn. Investigator Fagerland retrieved the computer from pawn. Computer Forensic Examiner Hollie Strand conducted an extraction of the computer and discovered child pornography on the defendant's computer. Upon discovery of the child pornography, charges were subsequently added to the underlying indictment.

The United States files this motion seeking admission of the testimony of G.R.N. about other acts of sexual abuse occurring in Rapid City, SD, and other acts of sexual abuse resulting in her pregnancy and the birth of X.R.N. in 2018.

There exists a "strong legislative judgment that evidence of prior sexual offenses should ordinarily be admissible." *LeCompte,* 131 F.3d at 769; *see also United States v. Mound,* 149 F.3d 799, 801 (affirming district court's decision to allow Rule 413 evidence and noting Rule 413's legislative history provided "good reasons" why Congress believed the Rule was justified).

In *United States v. Medicine Horn,* 447 F.3d 620, 623 (8th Cir. 2006), the defendant argued on appeal that the admission of two prior uncharged sexual assaults led the jury to decide the case "based on the fact that he was a 'bad person.'" However, the Eighth Circuit ruled that the "inflammatory potential inherent in the sexual nature of prior sexual offenses cannot be considered in

3

evaluating the admissibility of evidence under Rule 413." *Id.* District Courts have broad discretion in evaluating the possibility of unfair prejudice under Rule 403. *United States v. Henderson,* 416 F.3d 686, 693 (8th Cir.2005), *cert. denied,* 546 U.S. 1175, 126 S.Ct. 1343, 164 L.Ed.2d 57 (2006); *see also Crawford,* 413 F.3d at 875–76; *United States v. Blue Bird,* 372 F.3d 989, 991 (8th Cir.2004).

The defendant's 413 conduct with the victim is not unfairly prejudicial as the court can fashion an instruction limiting this information.  Additionally, the United States believes that this information is res gestae and could also be offered as 404(b) evidence.

In *United States v. Gabe,* 237 F.3d 954, 960 (8th Cir.2001, the District Court gave limiting instructions, after the witnesses testified and at the close of evidence, advising the jury not to consider the Rule 413 evidence solely as propensity evidence.  The Eighth Circuit has held the use of limiting instructions decrease[s] the danger of unfair prejudice resulting from the use of Rule 413 evidence. *Medicine Horn,* 447 F.3d 620 at 623.

The United States respectfully requests that this Court find that the defendant's sexual abuse on his teenage daughter that occurred in Rapid City, SD is relevant and admissible pursuant to Rule 413(a).

Dated this 3rd day of December, 2018.

                                        RONALD A. PARSONS, JR.
                                      United States Attorney

                                        /s/ Megan Poppen
                                        Megan Poppen
                                        Assistant United States Attorney
                                        515 Ninth Street, Suite 201
                                        Rapid City, SD, 57701
                                        Telephone: (605) 342-7822
                                        Facsimile: (605) 342-1108
                                        E-mail: Megan.Poppen@usdoj.gov