UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 18-50117 |
| Plaintiff, | |
| vs. | UNITED STATES' MOTION TO RECONSIDER RULE OF EVIDENCE 413 RE: G.R.N.'S PRENANCY OF X.R.N. AND SIBLING DNA TESTING |
| HENRY CHASE ALONE, a/k/a, HENRY BLACK ELK, | |
| Defendant. | |

The United States of America, by and through Assistant United States Attorney Megan Poppen, files this Motion to Reconsider Rule 413 regarding G.R.N.'s pregnancy of X.R.N. and sibling DNA testing.    Specifically, the United States intends to offer through this filing, the relevancy of the pregnancy and birth of X.R.N. and the relevancy to Count III, Aggravated Incest.

On August 21, 2018, the defendant, Henry Chase Alone, a/k/a Henry Black Elk, physically assaulted G.R.N. in Manderson, SD, which is within the exterior boundaries of the Pine Ridge Reservation.  Individuals present at the time of the physical assault contacted law enforcement.  Law enforcement responded to the assault call; the defendant was arrested and placed into custody.  The defendant was charged tribally with intoxication, child abuse in the first degree and attempt.

On or about August 22, 2018, South Dakota Child Protection Services (SDCPS) learned of the assault on G.R.N. by the defendant as well as the results

1

of "sibling" paternity testing that had been previously requested by SDCPS.  The results concluded that G.R.N.'s child, X.R.N., and the defendant's son, H.C.A.J., were 99.85% half siblings, and that the siblings shared the same father, the defendant.

Upon receiving the results, Pennington County Sheriff's Deputy Investigator Jesse Fagerland was immediately assigned to investigate the incest occurring in Pennington County.  Due to the paternity of X.R.N, law enforcement had extremely strong evidence that the defendant committed incest within Pennington County.

Based on the August 21, 2018, physical assault, Investigator Fagerland coordinated with Federal Bureau of Investigation (FBI) Special Agent (SA) Kevin Seymore, and determined that the defendant was in tribal custody on August 24, 2018.  On August 24, 2018, Investigator Fagerland and SA Seymore met with the defendant in the Adult Offenders Facility in Pine Ridge, SD.  At the onset of the interview, Investigator Fagerland advised the defendant of his Miranda rights.  The defendant waived his Miranda rights and consented to an almost two hour-long interview with Investigator Fagerland and SA Seymore.  See 8.24.18 audio recording 1:16 – 1:48.

After the defendant waived his Miranda rights, Investigator Fagerland advised that he had been assigned to investigate a case of incest occurring within Pennington County and that his questioning would be directed towards the crimes Investigator Fagerland had jurisdiction over.  Investigator Fagerland advised the defendant that he had information from an individual that was

"concerned" about his relationship with his daughter, G.R.N.  See 8.24.18 audio recording at 30:06.   The defendant affirmatively responded to Investigator Fagerland that he knows who had (SDCPS) concerns about their relationship (G.R.N. and the defendant) and that CPS took G.R.N.'s baby and did a "sibling" DNA test.  See 8.24.18 audio recording at 35:22 – 35:40.

Investigator Fagerland asked the defendant "tough questions," starting with whether he has ever "kissed" G.R.N.  8.24.18 recording at 43:01.  The defendant denied kissing G.R.N. and stated that he "rarely hugs" her. Investigator Fagerland asked the defendant if he ever touched G.R.N.'s breasts. 8.24.18 recording at 46:46.  The defendant denied such inappropriate conduct. Investigator Fagerland next asked whether the defendant ever had sex with G.R.N.  8.24.18 recording at 48:09.  The defendant hesitates before denying he had sex with G.R.N.

At 50:55 into the interview, Investigator Fagerland confronts the defendant with the sibling paternity testing.  Thereafter, the defendant admits to have sexual intercourse with G.R.N. approximately five times, all occurring within Pennington County.  Had X.R.N. not been born, Investigator Fagerland would not have been armed with the extremely strong evidence that assisted in obtaining a partial confession.

Additionally, G.R.N.'s pregnancy and birth of X.R.N. is relevant because it has the tendency to prove the existence of the fact that G.R.N. and the defendant did have sexual intercourse and that the defendant admitted to the intercourse based on the extremely strong evidence of paternity.   Fed. Rule Evid. 401.

Further, the fact that the defendant and G.R.N. had intercourse in Rapid City could support the fact that they had intercourse in Manderson, SD, and whether that intercourse was incestuous.

Additionally, the extremely strong evidence of paternity could assist the trier of fact in determining whether the defendant's admissions are supported by the facts. The defendant told Investigator Fagerland that he remembers one time when G.R.N. got on top of his erect penis after he had been drinking heavily and was passed out. See 8.24.18 audio recording at 1:08:21 – 1:10:47. In an attempt to explain paternity, the defendant advised Investigator Fagerland that this *incident* occurred in November 2017.

The defendant then states that "3 months after November," G.R.N. approached him and admitted to sexually abusing him while he was passed out. The defendant told Investigator Fagerland that G.R.N. told him "I want more of this." 8.24.18 audio recording at 1:16:00. It is the United States' position that had the birth of X.R.N. not happened and the paternity test not concluded what it did, the defendant would not have admitted to having an incestuous relationship with G.R.N.

The extremely strong evidence of paternity could also assist the trier of fact in determining factual aspects of G.R.N.'s testimony. Because X.R.N. was born before the aggravated incest occurred in Manderson, the United States believes it's highly relevant in determining factual aspects of both the defendant's partial confession and aspects of G.R.N. testimony.

The United States respectfully requests admission of the pregnancy of X.R.N. and the paternity testing conducted.

Dated this 6th day of January, 2019.

RONALD A. PARSONS, JR.
United States Attorney

/s/ Megan Poppen

Megan Poppen
Assistant United States Attorney
515 Ninth Street, Suite 201
Rapid City, SD, 57701
Telephone: (605) 342-7822
Facsimile: (605) 342-1108
E-mail: Megan.Poppen@usdoj.gov