UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>HENRY CHASE ALONE,<br><br>Defendant. | 5:18-CR-50117-KES<br><br>ORDER DENYING MOTION FOR COMPASSIONATE RELEASE |

Defendant, Henry Chase Alone, filed a pro se motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i). Docket 211. Plaintiff, the United States of America, opposes Chase Alone's motion. Docket 213. For the following reasons, Chase Alone's motion for compassionate release is denied.

## BACKGROUND

On January 10, 2019, a jury found Chase Alone guilty of three counts, including two counts of sexual exploitation of a minor and one count of aggravated incest. Docket 73. On December 16, 2019, the court sentenced Chase Alone to a total of 900 months in custody. Docket 160; Docket 161. His projected release date is September 27, 2082. Docket 212 at 90; *see also Find an Inmate,* Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited June 30, 2025) (enter BOP register number 13671-273). Chase Alone is currently incarcerated at Tucson USP, a high security United States penitentiary with an adjacent minimum security satellite camp. *See Find an Inmate,* Fed. Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited

June 30, 2025) (enter BOP register number 13671-273); *USP Tucson*, Fed. Bureau of Prisons, https://www.bop.gov/locations/institutions/tcp/ (last visited June 30, 2025).

## DISCUSSION

Sentences are final judgments, meaning a court ordinarily "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). Congress passed The First Step Act (FSA) in 2018, facilitating an exception to the finality of sentences. Pub. L. No. 115-391, 132 Stat. 5194 (2018). In relevant part, the FSA amends 18 U.S.C. § 3582(c)(1)(A) to permit incarcerated defendants to file motions with the court seeking compassionate release. Compassionate release provides a narrow path for defendants with "extraordinary and compelling reasons" to leave prison early. 18 U.S.C. § 3582(c)(1)(A)(i). A reduction in sentence must consider the 18 U.S.C. § 3553(a) sentencing factors and be consistent with applicable policy statements issued by the Sentencing Commission. 18 U.S.C. § 3582(c)(1)(A). The burden to establish that a sentence reduction is warranted under 18 U.S.C. § 3582(c) rests with the defendant. *See United States v. Jones*, 836 F.3d 896, 899 (8th Cir. 2016).

The Sentencing Commission's policy statement on compassionate release requires both "extraordinary and compelling reasons" to warrant a sentence reduction and the defendant not pose a danger to the public. U.S.S.G. § 1B1.13(a)-(b). The policy statement was amended on November 1, 2023, to reflect that a defendant may initiate motions for compassionate release which a court may, in its own discretion, grant or deny. U.S.S.G. § 1B.13, amend. 814.

Amendment 814 to the Sentencing Commission policy statement also expands the list of extraordinary and compelling reasons justifying compassionate release. *See id.; 2023 Amendments in Brief*, U.S. Sent'g Comm'n, https://www.ussc.gov/sites/default/files/pdf/amendment-process/amendments-in-brief/AIB_814.pdf (last visited May 28, 2025).

Before the FSA's passage, only the Bureau of Prisons (BOP) Director had the authority to bring a compassionate release motion on a defendant's behalf. 18 U.S.C. § 3582(c)(1)(A) (2002), *amended by* 18 U.S.C. § 3582(c)(1)(A) (2018). With the enactment of the FSA, Congress has permitted courts to grant a motion for a reduction in sentence filed by a defendant "after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier." 18 U.S.C. § 3582(c)(1)(A).

Chase Alone has provided no evidence that he submitted a request for compassionate release to the warden of his facility or exhausted his right to administrative appeals. *See* Docket 211. Based on that failure, the United States argues that the court should dismiss Chase Alone's motion. *See* Docket 213 at 3-4.

The exhaustion requirement is a "mandatory claim-processing rule" that "must be enforced so long as the opposing party properly raises it." *See United States v. Houck*, 2 F.4th 1082, 1084 (8th Cir. 2021) (analyzing the administrative exhaustion requirement under 18 U.S.C. § 3582(c)(1)(A)). Thus, the court must deny Chase Alone's motion for failure to comply with 18 U.S.C.

§ 3582(c)(1)(A)'s requirements and the court will not review the merits of Chase Alone's motion.

## CONCLUSION

The court concludes that Chase Alone has failed to exhaust his administrative remedies under § 3582(c)(1)(A). Thus, it is

ORDERED that the defendant's motion for relief under the First Step Act (Docket 211) is denied.

Dated July 14, 2025.

BY THE COURT:

*/s/ Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE